```
             IN THE UNITED STATES DISTRICT COURT
           FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                       WESTERN DIVISION
```

UNITED STATES OF AMERICA

VS.                                CRIMINAL NO. 5:06-cr-25(DCB)(JCS)

RONCEDRICK D. WEEKLY

ORDER REDUCING SENTENCE

This cause is before the Court on the defendant's motion for reduction of sentence **(docket entry 18)**. Having carefully considered the motion and the government's response, and being fully advised in the premises, the Court finds as follows:

The defendant's motion is brought pursuant to 18 U.S.C. § 3582(c)(2), based on Amendment 706, a recent amendment to the Sentencing Guidelines that lowered the base offense levels applicable to cocaine base ("crack cocaine") offenses. On December 11, 2007, the Sentencing Commission voted to make the amendment retroactive. The retroactivity decision became effective on March 3, 2008. The government concurs with the defendant that the amendment reduces his offense level and resulting guideline range.

The defendant was originally sentenced on February 12, 2007, for possession with intent to distribute crack cocaine. A sentence of 41 months was imposed, in accordance with the Sentencing Guidelines. Based on the amendment to § 2D1.1 of the Sentencing Guidelines, the Court finds that the defendant's offense level should be reduced by 2 points, from 21 to 19. When combined with

his Criminal History Category of I, this results in a new guideline range of 30 to 37 months (a reduction of the previous guideline range of 37 to 46 months).

The court finds that the defendant qualifies for a reduction in sentence under § 3582(c)(2).  The Court therefore considers the factors listed in § 3553(a) to determine whether or not to reduce the original sentence.  The Court considers public safety considerations, as well as the post-sentencing conduct and situation of the defendant.  Finding nothing in these considerations that would disfavor a reduction in sentence, the Court finds that a sentencing reduction to 30 months is appropriate in this case.  Accordingly,

IT IS HEREBY ORDERED as follows:

(1) The sentence is reduced from 41 months to 30 months;

(2) All other terms and provisions of the original judgment are to remain in effect.

A copy of this Order shall be transmitted to the Bureau of Prisons immediately.

SO ORDERED, this the 2nd day of June, 2008.

/s/ David Bramlette
UNITED STATES DISTRICT COURT